EFFRON, Chief Judge
(concurring in part and in the result):
I concur in the result with respect to Issue I. I concur with the opinion with respect to Issue II.
Issue I, as granted, states:
WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF THE ACCUSED BY FAILING TO ORDER DISCLOSURE OF MEMOS THAT SET OUT APPROVED “ENHANCED INTERROGATION TACTICS” FOR HANDLING DETAINEES IN UNITED STATES CUSTODY.
The threshold question with respect to prejudice is whether the Government provided the defense with timely disclosure of the requested material. As reflected in the following chronology, the Government provided timely pretrial disclosure of the 2003 Department of Defense Working Group Report on Detainee Interrogations in the Global War on Terrorism [hereinafter 2003 DoD Report], the primary document at issue in the present appeal.
On June 12, 2004, Appellant submitted a pretrial discovery request for the Government to provide a copy of the 2003 DoD Report “detailing the legal obligations of the United States government to refrain from using torture as an interrogation technique and the legal liabilities of government agents who do use such methods.” At that point, the Government denied the request. On June 21, 2004, defense counsel asked the military judge to order production of the 2003 DoD Report. The military judge denied the motion on the ground that the defense “[a]t this time” had not made a sufficient connection to the issues in the trial. The military judge emphasized repeatedly that his ruling was based on what the defense had “proffered so far,” and he advised the defense: “You are free to renew your request upon a showing of greater relevance than what you’ve shown so far.”
According to an unrebutted affidavit submitted by the Government during the present appeal, the assistant trial counsel provided the defense counsel with the requested 2003 DoD Report on July 22, 2004 — a point in time more than five months before the beginning of trial on the merits. The Government’s filing directly refutes Appellant’s claim that the document was not provided to the defense “prior to, during, or after trial.” See Bi’ief of Appellant at 5, United States v. Graner, 69 M.J. 104 (C.A.A.F.2010) (No. 09-0432).
Under these circumstances, there was no prejudice, irrespective of the sufficiency of the defense motion or the validity of the military judge’s ruling on the motion. Accordingly, I respectfully disagree with the approach to Issue I in the majority opinion, which rejects the Government’s filing and proceeds on the assumption that the Government withheld the document. Graner, 69 M.J. at 105 n.1, 107 n.2.
Similar considerations apply with respect to the other documents pertinent to Issue I. Although I disagree with the decision to reject the defense motion to file these documents on appeal, id., the result is the same because the documents at issue do not establish material prejudice to the substantial rights of Appellant. The 2003 DoD Report, which was provided to the defense at trial, *111 referred to, and relied upon, the 2003 Department of Justice Memorandum. As such, the Department of Justice document was identified with sufficient particularity to alert the defense of its existence at the time of trial, but the defense did not submit a request for production of that document at trial. Moreover, the 2003 Department of Justice Memorandum, and the other reports identified on appeal by the defense, did not contain information that differed in material respects from the information in the 2003 DoD Report that was provided to the defense during trial. The defense did not introduce information from the 2003 DoD Report at trial. Appellant has not established that the information in the other documents would have been more useful to the defense at trial than the information provided to the defense in the 2003 DoD Report. Under these circumstances, any error by the military judge with respect to discovery of these documents did not prejudice the rights of Appellant. See Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2006).